UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------------X
Travis Simmons,

    Plaintiff,

  -against-                   COMPLAINT
                               AND JURY DEMAND
THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICERS: 19-cv-04888
EDWARD FACKLER AND OFFICERS JOHN AND JANE DOE #s 1 -10, the
names being fictitious and presently unknown, in their individual and official
capacities as employees of the City of New York Police Department,

    Defendants.

-----------------------------------------------------------------------------------------------X

  The Plaintiff, Travis Simmons, by his attorney, Gregory Zenon, of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the New York State Constitution, and the common law of the State of New York, against the City of New York, New York City Police Department, and NYPD Police Officers Edward Fackler and Officers J. Doe # 1-10, police officers of the City of New York, in their individual and official capacities.  Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff' federal claims.

### VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant officers were assigned to a Precinct in Kings County, New York, within the confines of the Eastern District of New York.

### PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, defendant Police Officers were at all times

relevant hereto, employees of defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by Defendant CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of Defendant CITY OF NEW YORK.

10. That as a result of the foregoing, Defendant CITY OF NEW YORK is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant Fackler committed the false arrest of plaintiff and was personally involved in and liable for plaintiff's false arrest, use of excessive force, denial of proper and timely medical treatment; denial of proper treatment at the precinct including but not limited to food, phone calls; loss or destruction of property at the precinct; the actions of all of the defendant officers described in this complaint, and all other claims set forth below.

12. On 28 August 2016, at approximately 9:00 a.m. in the vicinity of the sidewalk of 18 Locust Street, Kings County, New York, Defendant Fackler approached plaintiff for no legitimate purpose and conducted a stop-and-frisk. Specifically Defendant Fackler informed plaintiff to stand still and then Defendant Fackler placed his hands inside plaintiff's pants pockets and searched him. Despite having neither probable cause nor having found any contraband on plaintiff, Defendant Fackler then placed plaintiff under arrest by handcuffing him behind his back. Defendant Fackler then placed plaintiff inside defendant's car and took him to the 83 Precinct.

13. Defendant Fackler then took plaintiff inside the precinct bathroom and conducted a full strip search including a cavity search, without justification or cause.

14. Defendant Fackler then placed plaintiff inside a precinct holding cell and informed plaintiff that plaintiff was resisting the arrest procedure. Defendant Fackler, accompanied by additional NYPD Officers John and Jane Doe, then returned to the cell while plaintiff was still handcuffed and demanded plaintiff remove plaintiff's sneakers and belt. Plaintiff attempted to comply but was unable, due to being handcuffed. Defendant Fackler and additional NYPD Officers John and Jane Doe then again informed plaintiff that plaintiff was resisting the arrest procedure and assaulted plaintiff, hitting him in the face, head, neck, and hitting plaintiff's head against the back of the cell.

15. Plaintiff's injuries included but were not limited to a laceration to the eyebrow, bruising, scratching, and a burst blood vessel in the left eye.

16. Plaintiff demanded medical assistance and was denied timely treatment.

17. Defendant Fackler then conferred with NYPD Officers John and Jane Doe and conspired with them: to deny timely medical treatment; to fabricate evidence and charges against plaintiff including possession of marijuana, resisting arrest, tampering with evidence, and an assault on Defendant Fackler.

18. Defendant Fackler also conferred with NYPD Officers John and Jane Doe and conspired with them to fabricate evidence and charges that plaintiff had attempted to assault Defendant Fackler's genitals, and as a result plaintiff received his injuries not at precinct but at the scene due to his resisting arrest.

19. Hours later Defendant Fackler then allowed plaintiff to be escorted to a local hospital by additional NYPD Officers John and Jane Doe but instructed those officers that plaintiff was to remain handcuffed the entire time.

20. Due to being handcuffed for multiple hours while being escorted to the hospital, while being treated at the hospital, and while being escorted back to the precinct, plaintiff suffered additional pain and suffering.

21. When plaintiff was eventually transported to Central Booking once again he was handcuffed behind his back too tightly and requested the cuffs be loosened, which was refused.

22. Plaintiff returned to court on multiple occasions before the case against him was terminated in his favor.

23. As a result of the excessive force used against him, plaintiff suffered extensive pain and suffering for months after the incident.

24. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

25. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

26. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

27. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

28. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

29. Defendants falsely arrested plaintiff, used excessive force, denied timely and proper medical treatment, and failed to intervene in each other's obviously illegal actions.

30. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

31. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

32. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

33. Defendants intended to confine plaintiff.

34. Plaintiff was conscious of the confinement and did not consent to it.

35. The confinement of plaintiff was not privileged.

36. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

## THIRD CAUSE OF ACTION

(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

37. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

38. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

39. Moreover the City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, the City has failed to properly train and supervise its employees. Upon information and belief, the individually named defendants in this action have been the subject of many prior civilian complaints and prior lawsuits alleging civil rights violations. Though the City of New York has paid hundreds of thousands of dollars in settlements for civil rights actions against defendants, the City has failed to take necessary steps to ensure that these particular officers are not in a position to further violate the civil liberties of civilians. This City has been on notice that these officers are unfit for their present positions, yet continues to employ them, and empower them to violate the civil liberties of people like the plaintiff.

40. Moreover, when the City was informed of the specific wrongdoing in this incident, it failed to take necessary steps to investigate the incident and to discipline the officers at fault. Following the assault committed against him, plaintiff by and through his attorney informed the City that Defendant Fackler was responsible for numerous prior civil rights violations including false arrests and excessive force, including an incident in which Defendant Fackler claimed an arrestee had resisted arrest and assaulted him, but in fact there was video showing the opposite to be true. Though it was apparent that this incident represented a gross abuse of power by the defendant officers, the City failed to take necessary steps to investigate this matter and see that the individual officers were disciplined.

41. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

42. For example, the well-documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report

their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

43. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under- utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

44. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

45. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through plaintiff's complaints to the City via his criminal defense attorney while his charges were pending, the City has failed to remedy the wrong.

46. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

47. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

## FOURTH CAUSE OF ACTION
(FOURTH AMENDMENT)

48. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

49. Defendants illegally arrested plaintiff subjecting him to unlawful search and seizure, false arrest, imprisonment and deprivation of liberty, destruction of property, and desecration of remains, without probable cause.

50. As a result of the foregoing, plaintiff has been damaged and deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of

life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

## FIFTH CAUSE OF ACTION
### (FOURTEENTH AMENDMENT)

51. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

52. Defendants illegally arrested plaintiff, subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

53. As a result of the foregoing, plaintiff have been damaged and deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; plaintiff' rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

## SIXTH CAUSE OF ACTION
### (DUE PROCESS VIOLATION)
### (EXCESSIVE FORCE)

54. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

55. Defendants unnecessarily and wantonly inflicted pain on plaintiff maliciously or sadistically to cause harm. As outlined above, defendants, among other bad acts, falsely accused plaintiff, exhibited signs of racial profiling and racial animosity, built up his fear and anxiety without cause or justification, subjected plaintiff to unnecessary pain and suffering, subjected plaintiff to the fear of physical violence while in custody, and caused plaintiff physical violence.

56. As a result of the foregoing, defendants intentionally put plaintiff in fear and fright of imminent physical harm and plaintiff was damaged and suffered pain unnecessarily.

## SEVENTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

57. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

58. Defendants, acting with malice, caused a false accusatory instrument to be filed against plaintiff, initiated a prosecution against him, and did so without probable cause.

59. The criminal proceedings were terminated in plaintiff's favor.

60. Defendants have deprived plaintiff of civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

61. Plaintiff was damaged as a result of the malicious prosecution implemented by the defendants.

## EIGHTH CAUSE OF ACTION
### (DUE PROCESS VIOLATION)
### (CONDITIONS of CONFINEMENT/DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

62. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

63. Plaintiff was denied food, water, and phone calls at the precinct.

64. Plaintiff was denied proper and timely medical treatment at the precinct and defendants did not care about his

6

welfare.

65. Defendants handcuffed plaintiff forcibly too tightly and for a length of time in violation of his rights, including while inside a holding cell at the precinct; and while being escorted to, and during, and while being escorted from, medical treatment, without justification or cause.

66. As a result of defendants' conduct, plaintiff suffered injuries.

67. Upon information and belief, this is an ongoing practice within the confines of the precinct to deny timely and proper medical treatment, food and water to individuals who are arrested.

68. Plaintiff was damaged and denied due process, subjected to unconstitutional procedures at the precinct, as well as subjected to unconstitutional harassment and discrimination.

## NINTH CAUSE OF ACUTION
### (DENIAL of a FAIR TRIAL)

69. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

70. Defendants' misrepresentations about plaintiff to prosecutors deprived plaintiff of liberty because he was required to appear in court after the misrepresentations were made.

71. Thus defendants are liable to plaintiff under the Sixth Amendment for denying a fair trial.

72. As a result, plaintiff was damaged and suffered the injuries as set forth within this complaint.

## TENTH CAUSE OF ACTION
### (CRUEL and UNUSUAL PUNISHMENT)

73. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

74. Plaintiff's physical condition suffered as a result of defendants' actions and conduct, and plaintiff unnecessarily suffered cruel and unusual punishment.

## ELEVENTH CAUSE OF ACTION
### (CONSPIRACY)

75. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

76. Defendants agreed to violate the plaintiff's rights in the manner described above. Further, defendants made an agreement to attempt to cover up the assault committed by defendants.

77. Defendants took action in furtherance of this agreement by charging plaintiff with the various crimes described above, and fabricating a version of events that would justify the officer's use of force.

78. Moreover, defendant's conspired to prevent plaintiff from documenting the extent of his injuries by delaying his medical treatment and limiting the extent of his medical examination by maintaining his handcuffs while he was examined.

79. Plaintiff was injured as a result of defendants' conspiracy.

## TWELFTH CAUSE OF ACTION
### (FAILURE TO INTERVENE)

80. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

81. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and

failed to intervene.

82. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

83. As a direct and proximate result of this unlawful conduct, plaintiff was damaged.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:  27 AUGUST 2019
        New York, New York

                                        _____/s/_____
                                        Gregory Zenon, The Law Office of Gregory Zenon
                                        30 Wall Street, 8th Floor
                                        New York, New York 10005
                                        212.380.8582
                                        zenonlaw@yahoo.com
                                        Attorney for Plaintiff